**BARCELONETA SHOE CORPORATION**
**and Luis Benitez Carle, its agent,**
**Plaintiffs,**

**v.**

**Raymond J. COMPTON, individually and as Regional Director of the 24th Regional Office of the National Labor Relations Board, Defendant.**

**Civ. No. 505–67.**

United States District Court
D. Puerto Rico.

July 31, 1967.

George L. Weasler, San Juan, P. R., for plaintiffs.

Vincent Rotolo, Alan H. Randall, San Juan, P. R., for defendant.

CIANCIO, Chief Judge.

## MEMORANDUM OF DECISION AND ORDER DENYING MOTION FOR INJUNCTION AND DISMISSING COMPLAINT

On July 20, 1967 Plaintiffs filed a Complaint seeking to enjoin the Defendant from withholding Agency records and to order the production of Agency records which Defendant had previously refused to make available to Plaintiffs herein upon their request. The Complaint is brought pursuant to the Public Information Section of the Administrative Procedure Act, Public Law 89–487, 80 Stat. 250, revising 5 U.S.C. § 552, formerly section 3 of the Administrative Procedure Act, 60 Stat. 237, 5 U.S.C. § 1002, (1964 Ed.) which was thereafter codified by Public Law 90–23, 81 Stat. 54 to amend section 552 of title 5, United States Code. In the alternative, Plaintiffs seek an order enjoining Defendant from opening the Board's hearing on an unfair labor practice complaint issued by Defendant and scheduled to begin on August 1, 1967, until such time as this Court rules on the merits herein. Defendant entered a voluntary appearance by counsel, and filed an Answer and Motion to Dismiss on July 26, 1967. Defendant also filed an amendment to the Answer on July 28. A memorandum was filed on July 28, 1967 by Defendant and both parties argued the matter orally on that same day.

The undisputed facts are that Plaintiffs were charged by Sindicato de Trabajadores Packinghouse, Distrito 9, Food and Allied Workers of Puerto Rico, with violations of the Labor Management Relations Act of 1947, as amended. While the investigation of these charges was in progress, Plaintiffs on May 2, 1967 wrote to Defendant requesting that he turn over to them or permit the inspection of "any statements or evidence" received by him during the course of his investigation of the alleged unfair labor practice. Defendant denied the request formally by a letter to Plaintiffs dated June 13, 1967. In addition to a lengthy explanation for his denial, Defendant maintained that the Agency would follow its normal procedures making investigation affidavits and statements of witnesses available to Plaintiffs during any hearing before the Agency but only after the witnesses had testified on direct examination. Following the July 4, 1967 effective date of the new Public Information Section of the

Administrative Procedure Act, Plaintiffs brought this proceeding.

In view of the need for an immediate disposition of the pending motions prior to August 1, 1967 when the Board's hearing is scheduled to begin, the Court is compelled to issue this abbreviated Memorandum of Decision and Order rather than write a formal opinion discussing the overall impact of the new statute on the work of administrative law enforcement agencies such as the National Labor Relations Board. In fact the Court has had just one working day between the day of the argument on this Petition for an injunction and the day of the hearing before the Board, which Plaintiffs are seeking to enjoin.

There is no dispute between the parties as to the nature, content or location of the documents being requested by the Plaintiffs from the Defendant. They consist of affidavits and statements forming a part of an investigatory file in the possession of the Defendant. They are statements of persons who were interviewed by Board agents in connection with the investigation of the unfair labor practice charges filed with Defendant by the Packinghouse Workers Union, and the contents thereof are related to the allegations of said charges.

Plaintiffs contend that they are entitled under the new statute to copy or inspect these documents prior to the opening of the Board's hearing. Defendant concedes that Plaintiffs have a right to inspect the statements of witnesses who have already testified on direct examination at the Board's hearing, for purposes of impeachment. Defendant contends, however, that his refusal to allow the Plaintiffs' request for inspection or copying of statements prior to the hearing is supported by the specific exemptions contained in the new Act, particularly Sections 3(e) (7) and (4).

The new statute places the burden on the Agency whose records are requested to sustain its action. The Court is satisfied that Defendant has met this burden. I conclude that subsection 3(e) (7) of the new Act grants the Board an exemption from the disclosure requirements with respect to its investigatory file materials in this type of proceedings. I also conclude that there is no Law within the meaning of subsection 3(e) (7) which requires the production of said materials prior to the holding of the Board's hearing.

In the Jencks Act, 18 U.S.C. § 3500, Congress indicated that criminal law enforcement agencies of the Government are not required to produce the statements of witnesses obtained during the investigation of alleged criminal violations prior to the trial of the accused. Congress intended that said statements would be available to the accused during the trial but only after the witness has given direct testimony against him. To me, it is inconceivable that by the new Act, Congress intended to give private parties—employers, unions or employees—charged with the violation of Federal regulatory statutes any greater right to inspect investigative file material, than has been granted to persons accused of violating Federal criminal law. In general terms I agree with the Attorney General's analysis of the nature and scope of the exemption, in his Memorandum on the Public Information Section of the Administrative Procedure Act, dated June 1967, wherein he states at p. 38:

"The effect of the language in exemption (7), on the other hand, seems to be to confirm the availability to litigants of documents from investigatory files to the extent to which Congress and the courts have made them available to such litigants. For example, litigants who meet the burdens of the Jencks statute (18 U.S.C. 3500) may obtain prior statements given to an FBI agent or an SEC investigator by a witness who is testifying in a pending case; but since such statements might contain information unfairly damaging to the litigant or other persons, the new law, like the Jencks statute, does not permit the statement to be made available to the public. In addition, the House report makes clear that liti-

gants are not to obtain special benefits from this provision, stating that 'S. 1160 is not intended to give a private party indirectly any earlier or greater access to investigatory files than he would have directly in such litigation or proceedings.' (H.Rept., 11.)"

As I suggested before, Congress could not have intended to grant lesser rights of inspection and copying of witnesses' statements to persons who are faced with the deprivation of their life or liberty, than to persons faced only with remedial administrative orders under regulatory statutes.

 Defendant also urges that the investigation material in question is exempted from the disclosure requirements of the new Act by the provisions of subsection 3(e) (4) of that Act. This subsection deals with documents, given by persons to government agencies, which are of a privileged or confidential nature. I find that statements of persons given in confidence to Board agents in connection with the investigation of unfair labor practice charges fall within the scope of the exemption contained in subsection 3(e) (4) of the new Act. I conclude that such information retains its confidential nature, and need not be disclosed by the Board to the public until the persons giving the statements have testified at a hearing.

The reasons urged by the Plaintiffs to support their request for the production of these documents prior to the Board hearing are outweighed by the reasons urged by the Defendant for withholding the documents at this time. It cannot be denied that if disclosure, as urged by Plaintiffs, is allowed, persons interviewed by Board agents in future investigations will not be as cooperative as they are now if they know that the information they give to the Board agents would be subject to public disclosure at any time before they have actually testified at a public hearing. The hampering effect which this would have upon the Board's investigations is obvious. This is particularly true in situations where employees, who are still working for an employer charged with unfair labor practices, are being interviewed by Board agents. Under these circumstances the Defendant herein has shown a better right to keep his commitment to the persons giving such confidential statements, than have Plaintiffs made for the disclosure of said documents prior to the hearing.

On the basis of the foregoing findings and conclusions, I deem it unnecessary to decide the jurisdictional questions raised by the Defendant in his motion to dismiss the Complaint. Quite apart from the rights claimed by the Plaintiffs under the new statute, I do not find any ground for the exercise of the Court's inherent equitable powers to interfere with the Board's proceedings at this time. I am, therefore, denying Plaintiffs' motion for injunctive relief and granting the Defendant's Motion to Dismiss the Complaint on the merits.

It is so ordered.