**CLEMENT BROTHERS COMPANY, Inc.,**
**Plaintiff,**

**v.**

**NATIONAL LABOR RELATIONS BOARD, an Agency of the United States of America, Defendant.**

**Civ. A. No. 11174.**

United States District Court
N. D. Georgia,
Atlanta Division.

Feb. 8, 1968.

---

Smith, Currie & Hancock, Atlanta, Ga., for plaintiff.

Marcel Mallett-Prevost, National Labor Relations Board, Washington, D. C., for defendant.

LEWIS R. MORGAN, Chief Judge.

The plaintiff in the above-styled action brought suit against the National Labor Relations Board under the Public Information Section of the Administrative Procedure Act in an effort to compel the N.L.R.B. to permit the inspection and copying of doucments obtained by the Board in its investigation of alleged unfair labor practices arising out of a representation election.

Presently before the Court are motions for summary judgment filed by both the plaintiff and the defendant, and alternative motions for a judgment on the pleadings filed by the plaintiff and a motion to dismiss filed by the defendant.

In connection with its attempt to obtain the statements of its employees given to the Board, the plaintiff seeks to enjoin the Board from continuing with all action regarding representation proceedings presently being conducted by it.

The defendant's motions cover both of the counts brought by the plaintiff.

The Court will first direct its attention to the motions concerning Count I of the plaintiff's complaint. The pertinent portion of the Freedom of Information Act upon which the plaintiff relies provides as follows:

"* * * (E)ach agency, on request for identifiable records made in accordance with published rules * * * shall make the records promptly available to any person. (5 U.S.C. 552(a)(3))."

The above cited general directory is limited in application by several specific exemptions, one of which states:

"This section does not apply to matters that are * * * investigatory files compiled for law enforcement purposes except to the extent available by law to a party other than an agency." 5 U.S.C. § 552(b) (7).

■ Naturally, the plaintiff urges that this exemption is not applicable in the instant action; however, the Court cannot agree. The plaintiff's position is that the exemption refers only to law enforcement of a criminal nature. The only Court to consider the question concluded that similar statements obtained by the Board were exempted by Section 552(b) (7), Barceloneta Shoe Corp. v. Compton, 271 F.Supp. 591 (D.C.1967).

■ The Court must agree that the determination of the Court in *Barceloneta* is sound, though not controlling on this Court. In addition to the common sense necessity of protecting the investigatory function and procedures of the Board, the legislative history of the Act itself makes it clear that the exemption in question is not limited solely to *criminal* law enforcement but rather applies to law enforcement activities of all natures.

Though the Court does not feel that it is necessary to reiterate an exhaustive documentation of the Act's legislative history, the following statement is exemplary of numerous others which make it clear that the plaintiff's interpretation must be rejected:

"This exemption covers investigatory files related to enforcement of all kinds of laws, labor and securities laws as well as criminal laws. This would include files prepared in connection with related Government litigation and adjudicative proceedings. H.R. Report #1497, 89th Cong., 2nd Sess. p. 11."

In sum, it is clear that the plaintiff could obtain the employees' statements taken by the Board if the employees had been called to testify—in fact, the plaintiff was given access to the statements of the employees who did so testify. However, the plaintiff is not entitled to employee statements absent such use. The opinion of the Fifth Circuit Court of Appeals in Texas Industries, Inc. v. N. L. R. B., 336 F.2d 128 (1964), though rendered prior to the enactment of the Freedom of Information Act, succinctly states of the reasoning behind the protection of employee statements:

"It would seem axiomatic that if an employee knows his statements to Board agents will be freely discoverable by his employer, he will be less candid in his disclosures. The employee will be understandably reluctant to reveal information prejudicial to his employer when the employer can easily find out that he has done so. * * * In order to assure vindication of employee rights under the Act, it is essential that the Board be able to conduct effective investigations and secure supporting statements from employees. We feel that preserving the confidentiality of employee statements is conducive to this end."

The Court is of the opinion that the plaintiff has placed unwarranted reliance on the Freedom of Information Act; the Court cannot accept the plaintiff's position that the Act opened for employers the Pandora's box of accessibility to employee statements given to the Board in furtherance of its investigatory function. Therefore, the plaintiff's request for an injunction ordering the production of the employee statements is denied.

As noted previously, the plaintiff also seeks to enjoin the Board from proceeding with current representation proceedings at the plaintiff's job site. The plaintiff seeks to bring itself within the exception of Leedom v. Kyne, 358 U.S. 184, 79 S.Ct. 180, 3 L.Ed.2d 210 (1958), which held that District Courts have jurisdiction to issue injunctions in instances where the Board has acted in excess of its delegated powers and contrary to a *specific* prohibition of the National Labor Relations Act.

The Court finds it unnecessary to delve into an extensive review of the merits of the plaintiff's case which is currently pending before the Court of Appeals for determination. It is sufficient that, regardless of the correctness of the Board's determination, it has not acted contrary to a *specific* prohibition of the Act. Therefore, the Court is without jurisdiction to enjoin the Board's representative proceedings in the instant case and the defendant's motion to dismiss must be granted.

It is so ordered.