**Scott F. BENSON, Plaintiff,**

v.

**UNITED STATES of America et al., Defendants.**

**Civ. No. 03459.**

United States District Court, D. Nebraska.

Feb. 5, 1970.

James T. Gleason, of Collins & Collins, Omaha, Neb., for plaintiff.

William Schaphorst, Asst. U. S. Atty., for defendant.

## MEMORANDUM AND ORDER

RICHARD E. ROBINSON, Chief Judge.

This matter is before the Court upon a complaint filed pursuant to Section 552 of Title 5, United States Code. Plaintiff faces the possibility of being discharged from the Air Force under provisions of the Air Force Regulations. [AFR 39–12]. Plaintiff specifically requests this Court to enjoin the defendants, and each of them, from withholding from him certain statements which he claims will aid him in preventing his discharge. In answer the government has filed a motion to dismiss, one of its reasons being that plaintiff has failed to state a claim upon which relief can be granted. That motion is treated as one for summary judgment.

This Court previously denied a request for a temporary restraining order and the hearing just completed was for the purpose of determining whether a preliminary injunction should issue. The government's motion to dismiss was also heard at that time. [Filing #7]. The record before the Court is only that which is contained in the Court file and those matters of which judicial notice may be taken, namely federal statutes and those regulations issued pursuant to statute.

The statements requested are the complete statements made by two individuals which the government claims pertain to many other individuals in addition to plaintiff. The government has provided separate statements by these same individuals but these only contain the facts surrounding the reason for plaintiff's discharge as deduced by the Air Force authorities.

In this case the only issue before the Court is whether plaintiff is entitled to the statements requested under the provisions of 5 U.S.C.A. § 552. Plaintiff has not attacked the refusal to produce the documents on constitutional grounds or because of the failure of the Air Force to follow its own regulations. Even if such an attack were made it would be without merit at this time because of the failure to exhaust all of the remedies available within the agency.

It is the government's contention that these statements requested, which were the result of an OSI [Office of Special Investigation] investigation and are being utilized at present by an administrative board reviewing the possibility of plaintiff's discharge, fall within an exception to § 552 which allows a refusal to produce the documents. The exception to which the government refers is § 552[b] [7] which states "This section [§ 552[a] ] does not apply to matters that are * * * [1] investigatory files compiled for law enforcement purposes except to the extent available by law to a party other than the agency."

 It is the decision of the Court that the government is entitled to withhold the documents because of the exemption previously stated. The legislative history of this statute indicates that it is not the intent of the statute to hinder or in any way change the procedures involved in the enforcement of any laws including "files prepared in connection with related government litigation and adjudicative proceedings." H.R.Report #1497, 89th Cong., 2nd Session pg. 11, U.S.Code Cong. & Admin.News 1966, p. 2428. That report further states: "S.1160 is not intended to give a private party indirectly any *earlier* or *greater access* to investigatory files than he would have directly in such litigation or proceedings." [emphasis added]. The Attorney General's Memorandum of June, 1967 agrees that litigants "are not to obtain special benefit from these provisions." See Barceloneta Shoe Corp. v. Compton, 271 F.Supp. 591 [D.Puerto Rico 1967]; Clement Bros. Co. v. N.L.R.B., 282 F.Supp. 540 [N.D.Ga. 1968]; Cooney v. Sun Shipbuilding Co., 288 F. Supp. 708 [E.D.Pa. 1968] holding the same in analogous cases.

What the House Report specifically desired to exclude from the Act is what plaintiff desires to effect here. The reports requested were the result of an investigation utilized by an administrative board which has specific procedures to be used by a litigant to gain access to materials. As stated the Freedom of Information section of the Administrative Procedure Act was not intended to provide greater access than is already available. No distinction is seen between this case and those previously cited. Those cases relate to investigations of the National Labor Relations Board and the Department of Labor. The investigations concerned matters under which federal statutes gave that agency jurisdiction. Here federal statutes give the Air Force power to separate members for various reasons under procedures established by the Air Force.

Because the Court has determined that the government has sustained its burden of proof under the statute and that its motion to dismiss should be sustained no further proceedings are necessary. Accordingly,

It is ordered that the motion of the defendant should be and is hereby sustained, plaintiff's complaint to stand dismissed.