**Philip H. LONG, Plaintiff,**

v.

**UNITED STATES INTERNAL REVENUE SERVICE, Defendant.**

**No. 9782.**

United States District Court,
W. D. Washington,
at Seattle.

Nov. 23, 1971.

Philip H. Long, pro se.

Stan Pitkin, U. S. Atty., Albert E. Stephan, First Asst. U. S. Atty., Seattle, Wash., for defendant.

## MEMORANDUM ORDER OF DISMISSAL

BEEKS, Chief Judge.

Long filed this complaint June 29, 1971, pursuant to 5 U.S.C. § 552, to compel the production of all files of the Internal Revenue Service relating to the business activities of Long and his corporations, and an IRS manual and certain "code books." The IRS filed a motion to dismiss the cause, both parties filed written briefs, and the Court has heard oral argument.

It has become apparent during these proceedings that Long's sole purpose in seeking IRS files is to obtain, under the Freedom of Information Act, matters relating to current proceedings before the Tax Court. Long first presented this request to the IRS on January 5, 1971 at an appellate conference on an income tax audit. Although he has renewed his request at various subsequent dates, he has not attempted to employ the means for producing evidence that are available in the Tax Court. *See, e. g.*, 26 U.S.C. § 7453; Rules of Practice Before the Tax Court of the United States, Rules 44, 45 and 46. As Mr. Long himself put it, " . . . the main reason I am here is I was audited nearly two years ago . . . ." (Tr., Sept. 24, 1971, p. 11, lns. 20–21.)

█ It is true that, under the Freedom of Information Act, Long has a right to see matters which would otherwise be made available to a party other than an agency. But as to those matters which are so available, this Court should not employ its equity powers when Long can obtain the material through the Tax Court itself. Thus, with regard to IRS files on Long and the affiliated corporations which he controls, the statute provides that such "investigatory files" need not be produced "except to the extent available by law to a party other than an agency." 5 U.S.C. § 552(b) (7). And as to IRS memoranda and letters, production is not necessary if they "would not be available by law. . . ." 5 U.S.C. § 552(b) (5). All of the requested material is either available to Long by law, i. e., under the rules of practice before the Tax Court, or they are exempt from the provisions of the FIA.

. . . The legislative history of this statute indicates that it is not the intent of the statute to hinder or

in any way change the procedures involved in the enforcement of any laws including "files prepared in connection with related government litigation and adjudicative proceedings."

Benson v. United States, et al., 309 F. Supp. 1144 (D.C.Neb.1970). If this Court were to allow the remedies asked for in the complaint, it would severely undermine the integrity and authority otherwise commanded by the Tax Court.

■ The request to see those investigatory files relating to Long and his corporate affiliates must be denied for an additional reason. The statute provides that requests for information must be "identifiable." 5 U.S.C. § 552(a)(3). Long's request is much too vague.

■ The request to see the manual and code books, however, presents an entirely different question. Of the nine exceptions listed in § 552(b), only (5) [inter- or intra-agency memoranda and letters] and (7) [investigatory files] are aimed at preventing premature disclosure of matters pertaining to litigation with an agency. Subsection (2) [matters related solely to internal personnel rules and practices] was not designed to prevent premature disclosure of information pertinent to litigation with an agency, as are subsections (5) and (7) above.

■ As to the manual and code books, then, a question of fact has clearly been presented, and a motion to dismiss under Civ.R. 12(b)(6) cannot be granted. GSA v. Benson, 415 F.2d 878 (9th Cir. 1969). If the manual and code books are "instructions to staff that affect a member of the public" [§ 552(a)(2)(C)], and are neither "related solely to the internal . . . . practices of" the IRS [§ 552(b)(2)] nor "intra-agency memorandums" (sic) [§ 552(b)(5)], then Long may properly sue to gain access to them.

Accordingly, defendant's motion is granted with respect to information concerning the files of the Internal Revenue Service. With respect to plaintiff's request to see the manual and code books, however, the motion is denied.

This memorandum shall serve as the order of the court and the presentation of a formal order is unnecessary.