**B & C TIRE COMPANY, INCORPORATED, a Delaware corporation, Plaintiff,**

**v.**

**INTERNAL REVENUE SERVICE, DEPARTMENT OF the TREASURY, UNITED STATES of America, Defendant.**

**No. CA. 72–1001–M.**

United States District Court,
N. D. Alabama, M. D.

Feb. 20, 1974.

710

J. Richard Carr, of Burns, Carr &
Shumaker, Gadsden, Ala., for plaintiff.

Wayman G. Sherrer, U. S. Atty., Charles D. Stewart, Asst. U. S. Atty., U. S. Dept. of Justice, Birmingham, Ala., for defendant.

## MEMORANDUM OF OPINION

POINTER, District Judge.

Petitioner brought this action under the Freedom of Information Act, 5 U.S. C. § 552, seeking files prepared by an IRS examining agent in connection with his audit of petitioner's 1970 tax return.[1] The examining agent's file is the only document of several requested by petitioner which IRS has refused to furnish. Petitioner contends that this file is subject to the disclosure requirements of 5 U.S.C. § 552(a)(3). The IRS resists disclosure by claiming exemption under paragraph (b) of Section 552. Jurisdiction over this controversy is expressly conferred by § 552(a)(3) "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant".

As is frequently practical in cases arising under § 552(a)(3), the parties have submitted this case for decision on the merits. Memoranda have been furnished. The government by agreement was to be permitted to file for *in camera* inspection the examining agent's report. It chose not to do so. However, it did attach to its memorandum an affidavit of the examining agent. That affidavit describes the file petitioner is seeking as consisting of (1) papers which either were furnished IRS by petitioner originally, or which are in petitioner's possession, and (2) some sixteen pages of notes and workpapers prepared by the agent in connection with his audit of petitioner's return.

■■ Section 552(a)(3) provides that ". . . each agency, on request for identifiable records . . . shall make the records promptly available to any person". The cases have held that " '[t]he legislative plan creates a liberal disclosure requirement, limited only by specific exemptions which are to be narrowly construed' ". Getman v. N. L. R. B., 146 U.S.App.D.C. 209, 450 F.2d 670, 672 (1971), stay denied 404 U.S. 1204, 92 S.Ct. 7, 30 L.Ed.2d 8. See also Bristol-Myers v. F. T. C., 138 U.S.App.D.C. 22, 424 F.2d 935, 938 (1970). Section 552(a)(3) places on the agency refusing an information request the burden of establishing entitlement to one or more of the nine exemptions found in § 552(b).

■ IRS claims exemption under subparagraphs (b)(3), (b)(5) and (b)(7). Subparagraph (b)(3) pertains to material "specifically exempted from disclosure by statute". IRS relies on §§ 6103 and 7213 of Title 26 (and regulations promulgated thereunder) as the basis for its claimed (b)(3) exemption. Section 6103 places certain limitation on disclosure of "returns", and § 7213 makes criminal the unauthorized disclosure of information contained in the returns. Treasury Reg. § 301.6103(a)–1 (a)(3) defines the word "return" as used in § 6103 to include:

> Other records, reports, information received orally or in writing, factual data, documents, papers, abstracts, memoranda, or evidence taken, or any portion thereof, relating to the times included under (a) [*i. e.*, relating to tax returns, schedules, etc.].

The IRS contends that much of the data sought by petitioner falls within this regulation's definition of "return", and is thus exempted from disclosure by the terms of 26 U.S.C. § 6103 (and § 7213).

The (b)(3) exemption pertains only to material "specifically exempted from disclosure *by statute*". [Emphasis supplied]. The pertinent internal revenue statute, § 6103(a) exempts disclosure

---

1. Though this audit apparently resulted in a deficiency assessment, petitioner is not presently and has not previously been engaged in other litigation with IRS, either as plaintiff or as defendant.

only for tax returns which have not been opened to public inspection by regulations of the Secretary or his delegate which have been approved by the President.[2] Thus certain regulations are contemplated by § 6103(a); and IRS has statutory authority to promulgate general regulations.[3] However, § 6103(a) does not contemplate a regulation like Regulation § 301.6103(a)–1(3)(b), which by defining "return",[4] serves to expand the scope of § 6103(a). 5 U.S.C. § 552(b), which is to be narrowly construed, Getman v. N. L. R. B., *supra*, cannot be thus extended by regulations not within the purview of the Statute—the (b)(3) exemption serves, again, to preserve *statutory* exemptions from disclosure. The government has the burden of showing that the file petitioner is seeking consists of material exempted *by statute*. It has not done so. The agent's affidavit states, as to the portion of the file really in dispute, only that "[t]he remaining 16 pages are handwritten notes and memoranda compiled by me to aid in completing my audit".

IRS also asserts entitlement to the (b)(5) exemption for "inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency". The examining agent's affidavit suggests possible applicability of the exemption. However, the "available-by-law" saving clause must be considered to determine whether it provides petitioner with an exemption from the exemption.

 Certainly the phrase "available-by-law" has reference, *inter alia*, to the discovery provisions of the Federal Rules of Civil Procedure. Except under F.R.C.P. Rule 27, which is not here applicable,[5] a person must have commenced suit and actually be *in litigation* in order to have discovery available to him. Subparagraph (b)(5) can be read as *merely* a saving clause,[6] so that a party relying solely on the discovery rules, would, in order to avoid (b)(5), have to be *in other litigation* with the agency where inter- or intra-agency memoranda or letters were involved. Or the "available-by-law" clause can be read as excluding from the (b)(5) exemption any memoranda or letters which *would be* available to a party *if* he were in litigation with the agency.

 Congress chose to use the subjunctive tense in the "available by law" phrase of (b)(5).[7] Use of the words

---

2. 26 U.S.C. § 6103(a). The court assumes (without deciding) that the regulations promulgated pursuant to § 6103 are valid.

3. 26 U.S.C. § 7805(a).

4. Subparagraph (a) of the regulation defining "returns" gives a conventional definition of the word. Tres.Reg. § 301.6103(a)–1(3)(a). Paragraph (b) of this same regulation, quoted above, is relied upon by IRS for expansion of the statute. That regulation limits *expansion* of disclosure [which would otherwise be effected by reading (b) along with the regulation entitling a person to his own "return", Reg. § 301.6103(a)–1(c)] to the discretion of the Secretary of the Commissioner, or their delegates. However, where paragraph (b)'s definition would arguably work a *contraction* of disclosure (by broadly defining "return" and thus expanding § 6103's limitation on disclosure), the regulation definition of subparagraph

(b) presumably applies, without need for exercise of discretion by any agency official.

5. See footnote 15, *infra*. Compare General Services Administration v. Benson, 415 F.2d 878 (CA 9, 1969).

6. The saving clause, under either interpretation of (b)(5), would have application not only to discovery available under the discovery rules, but also to whatever entitlement petitioner gains "by law". See, for an example of such a law, footnote 14. The court is aware of no provision (aside from any discovery provision that may be applicable) which would entitle petitioner to the information he seeks; and petitioner, having the burden to do so, has cited no such law. (It cannot seriously be contended that the government has the burden of proving the nonexistence of any such law!)

7. See footnote 12, *infra*.

" . . . which would not be available by law to a party ‘. . . in litigation" indicates with sufficient clarity Congress' intent that (b)(5) not apply to members of the public seeking information to which they *would be* entitled *if* in litigation with the agency.[8] Indeed, this is the interpretation contemplated by the House Report explanation of Exemption (b)(5): " . . . any internal memorandums which would routinely be disclosed to a private party through the discovery process in litigation with the agency would be available to the general public." H.R.Rep.No. 1497, 89th Cong., 2nd Sess. 11 (1966), U.S.Code Cong. & Admin.News, p. 2428. The court is of the opinion, therefore, that the (b)(5) exemption is not available to an agency simply on the basis that no other litigation is pending between the agency and a party seeking inter- or intra-agency memoranda or letters.

Even if the court held, however, that the agent's file was not "available-by-law" to petitioner within the meaning of (b)(5), IRS would not have satisfied its burden of showing entitlement to the exemption. As pointed out in E. P. A. v. Mink, 410 U.S. 73, 87–93, 93 S.Ct. 827, 35 L.Ed.2d 119 (1973), (b)(5) does not apply to "separable factual material," and IRS would need to show that the file sought by petitioner contains no such factual material.[9]

Defendant's final contention is that the agent's file is exempted by (b)(7), which excuses disclosure of "investigatory files compiled for law enforcement purposes except to the extent available by law to a party other than an agency." Case law makes it clear that the phrase "for law enforcement purposes" contemplates civil as well as criminal law enforcement efforts.[10] However, as with (b)(5), the court must decide whether the "available by law" test may be applied prospectively, so that items that *would be* available under the federal discovery rules, *if* the parties were engaged in *other* litigation, are thus available in advance under § 552(a)(3), even though otherwise exempt under (b)(7).[11]

Subparagraph (b)(7) does not use the subjective tense. Although a paraphrase using the subjunctive tense is not necessarily inconsistent with the actual language of (b)(7), it is inconsistent with Congress' decision not to use the same prospective language that it used in (b)(5).[12] Furthermore, the House Report[13] states that "S. 1160 [§

---

8. Another reading of the phrase is: " . . . which would not be available by law to a party (other than an agency in litigation with the agency)." This reading is in conflict with the House Report referred to in the text.

9. The Supreme Court in *Mink* notes that *in camera* inspection will not always be necessary, and that "detailed affidavits or oral testimony" will suffice in the proper case. See 410 U.S. at 93.

10. *See* Williams v. I.R.S., 345 F.Supp. 591, 593 (Del., 1972), aff'd 479 F.2d 317 (CA 3, 1973) cert. den., sub nom. Donlon v. I.R.S., 42 U.S.L.W. 3290, 414 U.S. 1024, 94 S.Ct. 448, 38 L.Ed.2d 315 (1973) and cases cited therein.

11. There can be no doubt that the file sought by petitioner in this case is an "investigatory" file as that term is used in (b)(7). Petitioner contends however, that the file was not compiled for law enforcement purposes. Apparently relying on the criminal-civil distinction rejected in Williams v. I.R.S., fn. 10, supra, petitioner asserts that since no criminal prosecution is contemplated (tax fraud), the file could not have been compiled for law enforcement purposes. This contention is without merit. A tax audit is certainly performed in aid of enforcement of our tax laws, civil and criminal, and there should be no distinction under (b)(7) between monitoring activities and prosecutorial activities, both of which serve law enforcement purposes.

12. Compare (b)(5), " . . . which would not be available by law to a party . . . in litigation with the agency," with (b)(7), " . . . except to the extent available by law to a party."

13. H.R.Rep.No.1497, 89th Cong., 2nd Sess. 10 (1966) U.S.Code Cong. & Admin.News, p. 2428.

552] is not intended to give a private party indirectly any *earlier* or greater access to investigatory files than he would have directly in such litigation or proceedings." [Emphasis supplied] To apply the federal discovery rules (other than Rule 27) in advance of actual litigation would obviously be to make material available earlier via the Freedom of Information Act.[14] The purpose of the "available by law" phrase in (b)(7) is not to accelerate availability of investigatory information, but to preserve any laws providing for access, to parties in litigation or otherwise, to investigatory files.[15] Again, though there is provision in F.R.C.P. Rule 27 for limited discovery prior to trial, that provision is not applicable here,[16] and the court has neither been referred to nor knows of any other law which would entitle this petitioner to the investigatory file which it seeks. Thus, *in camera* inspection is not necessary,[17] and defendant is therefore entitled to judgment on the pleadings. A separate order to that effect will be entered herein, which is dispositive of the merits of the controversy.

14. This case is to be distinguished from cases in which the issue was whether investigatory files remain exempted by (b)(7) even after an investigation is completed. See, *e. g.*, Wellman Industries, Inc. v. N.L.R.B., 490 F.2d 427 (CA 4, 1974); Frankel v. S.E.C., 460 F.2d 813 (CA 2, 1972), cert. den., 409 U.S. 889, 93 S.Ct. 125, 34 L.Ed.2d 146 (1972); Evans v. Dept. of Transportation, 446 F.2d 821 (CA 5, 1971). *Cf.* Black v. Sheraton Corp. of America, 42 U.S.L.W. 2395, 371 F.Supp. 97 (D.C.Col., 1974).

15. For example, the Equal Employment Opportunity Act of 1974, 42 U.S.C. § 2000e–5(b), requires the furnishing of certain information to a person under investigation ("date, place and circumstances of the alleged unlawful employment practice"), even though no litigation or administrative proceeding has been commenced. The saving clause in (b)(7) defeats in advance any argument that this information, otherwise required by § 2000e–5(b), is exempted from disclosure by (b)(7). Though enacted sub-sequent to the Freedom of Information Act, this statutory example serves to show the purpose of the clause. *See* Williams v. I.R.S., supra, 345 F.Supp. at 594, which attributes, with a different example, the same purpose to this clause.

16. According to 4 Moore's Federal Practice § 27.13, there is. some question whether Rule 34-type discovery can be obtained in advance of trial by use of Rule 27. Though Moore suggests that it should, the petitioner herein has not complied with the prerequisites to use of Rule 27, which include, *inter alia*, a showing that petitioner is presently unable to bring an expected action cognizable in a court of the United States. See Rule 27(a)(1). This court also has some question whether the present action could conceivably be construed as the sort of 'petitioner' contemplated by Rule 27(a)(1); or whether the existence of litigation precludes the applicability of Rule 27.

17. *See* E.P.A. v. Mink, 410 U.S. 73, 93 S.Ct. 827, 35 L.Ed.2d 119 (1973).