**Louis KRUH, Plaintiff,**

v.

**GENERAL SERVICES ADMINISTRA-
TION, DEPARTMENT OF DEFENSE
and Department of State, Defendants.**

**No. 73 C 1517.**

United States District Court,
E. D. New York.

Sept. 20, 1974.

Jerome S. Medowar, Medowar & Kroll, Merrick, N. Y., for plaintiff.

David G. Trager, U. S. Atty., E. D. of New York by George H. Weller, Asst. U. S. Atty., Brooklyn, N. Y., for defendants.

## MEMORANDUM AND ORDER

NEAHER, District Judge.

This is an action brought under the Freedom of Information Act, 5 U.S.C. § 552, seeking disclosure of a memorandum dated October 24, 1952, from President Harry S. Truman to the Secretaries of State and Defense which established the National Security Agency. Plaintiff is an author and cryptologist who sought permission to examine a copy of the memorandum in the course of preparing an article dealing with the creation of that agency. Defendants have moved for summary judgment on the grounds that there is no genuine issue as to any material fact and that defendants are entitled to judgment as a matter of law declaring plaintiff not entitled to disclosure of the Truman memorandum.

The procedural history of plaintiff's request is not in material dispute and is reflected in a certified record tracing his request through various interdepartmental communications. Plaintiff's initial inquiry, a letter to the White House on February 5, 1973, was forwarded to the Department of Defense, which rec-ommended that classification of the document in question be continued. Plaintiff thereafter sought declassification from the Department of Defense Classification Review Committee, which informed him that the Department did not have such authority and forwarded the request to the Interagency Classification Review Committee for referral to the National Security Council. On July 9, 1973, the request was denied by the Acting Archivist of the United States, and plaintiff appealed to the Interagency Classification Review Committee. On September 5, 1973, the Committee denied the appeal, advising plaintiff that "the document contains information which is reflected in currently operational directives" (Exh. U to Certificate of the Department of Defense).

In seeking summary judgment, defendants rely on the first exemption under the Freedom of Information Act, 5 U.S.C. § 552(b)(1):

"(b) This section does not apply to matters that are—

"(1) specifically required by Executive order to be kept secret in the interest of the national defense or foreign policy . . . ."

The Department of Defense certified exhibits accompanying the motion permit of no doubt that: (1) the Truman memorandum was initially classified "Top Secret" pursuant to Executive Order 10290, 16 F.R. 9795 (Sept. 26, 1951), and presently remains so classified pursuant to Executive Order 11652, 37 F.R. 5209, (Mar. 10, 1972), as amended by Executive Order 11714, 38 F.R. 10245 (Apr. 26, 1973) (Exh. V₁); (2) the document is considered by the Interagency Classification Review Committee to contain "information which is reflected in current operational directives" (Exh. U); (3) the Interagency Classification Review Committee has determined that the document should remain "Top Secret" in the interest of national security (Exh. V₁); and (4) the document in question "is being accorded the

degree of protection which the classification of TOP SECRET requires" (Exh. V₁).

Plaintiff does not dispute the fact of classification, but instead argues that the court should review the document *in camera* to determine the reasonableness of classification. This court, however, is already constrained from such a course by Environmental Protection Agency v. Mink, 410 U.S. 73, 93 S. Ct. 827, 35 L.Ed.2d 119 (1973). There, the Supreme Court, interpreting 5 U.S. C. § 552(b)(1), stated that the statutory exemption does not "permit *in camera* inspection of such documents to sift out so-called 'nonsecret components'," adding that "Congress chose to follow the Executive's determination in these matters and that choice must be honored." *Id.* at 81, 93 S.Ct. at 833. The Court went on to make clear that any inquiry into the reasonableness of the classification was precluded:

> "[T]he test was to be simply whether the President has determined by Executive Order that particular documents are to be kept secret. The language of the Act itself is sufficiently clear in this respect, but the legislative history disposes of any possible argument that Congress intended the Freedom of Information Act to subject executive security classifications to judicial review at the insistence of anyone who might seek to question them." *Id.* at 82, 93 S.Ct. at 833.

See Wolfe v. Froehlke, 358 F.Supp. 1318 (D.D.C.1973).[1]

Plaintiff earnestly argues that *Mink* is distinguishable on its facts. However, the factual distinctions are found in the nature of the documents being requested, and in the reasons for and methods with which a showing of classification was made. These differences might be relevant in an *in camera* review of classification, but they present no basis for disregarding the construction given § 552(b)(1) in *Mink,* which was so broad as to be plainly applicable here.

Plaintiff has also asserted that a genuine issue exists as to whether all applicable procedures of the executive reviewing process have been substantially observed and complied with. Plaintiff's General Rule 9(g) Statement, ¶¶1–3. However, this bare statement is not otherwise supported and is insufficient to prevent summary judgment. Under Rule 56, F.R.Civ.P., plaintiff is required to come forward with documentary evidence to support a fact believed to be in material dispute. "A party opposing a motion for summary judgment simply cannot make a secret of his evidence until the trial, for in doing so he risks the possibility that there will be no trial." Donnelly v. Guion, 467 F.2d 290, 293 (2 Cir. 1972); Petroleo Brasileiro, S.A., Petrobras v. Ameropan Oil Corporation, 372 F.Supp. 503, 506 (E.D.N.Y. 1974).

There existing no genuine issue as to the *fact* of classification in the manner contemplated by § 552(b)(1), the document in question is exempt from disclosure under the Freedom of Information Act and summary judgment for defendants must be granted.

Accordingly, it is so ordered.

---

1. Other post-*Mink* cases dealing with other Freedom of Information Act exemptions have noted that *Mink* required such an approach for exemption under § 552(b)(1). *See* Weisberg v. United States Department of Justice, 160 U.S.App.D.C. 71, 489 F.2d 1195, 1202 (1973); Vaughn v. Rosen, 157 U.S.App.D.C. 340, 484 F.2d 820, 824 (1973); Ethyl Corporation v. Environmental Protection Agency, 478 F.2d 47, 52 (4 Cir. 1973); Stern v. Richardson, 367 F.Supp. 1316, 1318 n. 3 (D.D.C.1973).