**FOUNDING CHURCH OF SCIENTOLOGY OF WASHINGTON, INC., Plaintiff,**

v.

**NATIONAL SECURITY AGENCY et al., Defendants.**

**No. 76–1494.**

United States District Court, District of Columbia.

July 21, 1977.

William A. Dobrovir, Washington, D.C., for plaintiff.

Carol Buehrens, Dept. of Justice, Washington, D.C., for defendants.

## OPINION

JOHN LEWIS SMITH, Jr., District Judge.

The Founding Church of Scientology of Washington, D.C. seeks an order enjoining the National Security Agency (NSA) from withholding information pertaining to the church and its founder, L. Ron Hubbard. After filing its Freedom of Information Act request with NSA, plaintiff was informed that NSA had no documents concerning either party. Later plaintiff advised NSA that it had learned in other litigation in this Court that NSA had provided sixteen documents within the scope of the request to the Central Intelligence Agency. With this in-

formation, NSA uncovered the sixteen documents but refused to disclose them to plaintiff on grounds that they were protected by Exemptions 1 and 3 to the Act. Plaintiff subsequently instituted this action, which comes before the Court on defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment and plaintiff's Motion to Compel Answers to Interrogatories.

Exemption 3 safeguards matter "specifically exempted from disclosure by statute (other than section 552b of this title), provided that such statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue or (B) established particular criteria for withholding or refers to particular types of matters to be withheld." 5 U.S.C. § 552(b)(3). Norman Boardman, the Information Officer at NSA, states that release of any part of the sixteen documents would contravene Section 6 of Public Law 86–36, which reads in part:

"[N]othing in this Act or any other law . . . shall be construed to require the disclosure of the organization or any function of the National Security Agency, of any information with respect to the activities thereof, or of the names, titles, salaries, or number of persons employed by such agency." 73 Stat. 64.

Mr. Boardman insists that "[r]elease of any record or portion thereof would disclose information about the nature of NSA's activities including its functions." Plaintiff maintains, however, that Pub.L. 86–36 is not an Exemption 3 statute. Inasmuch as the statute expressly "refers to particular types of matters to be withheld," that contention must be rejected and summary judgment entered for defendants. *See Kruh v. General Services Administration*, 421 F.Supp. 965, 967 n.4 (E.D.N.Y.1976).