**Clarence DITLOW et al.**

**v.**

**Claude S. BRINEGAR, Secretary of the Department of Transportation, et al., Appellants.**

**No. 73–1984.**

United States Court of Appeals, District of Columbia Circuit.

Argued Jan. 21, 1974.

Decided Feb. 27, 1974.

David M. Cohen, Atty. Dept. of Justice, with whom Irving Jaffe, Acting Asst. Atty. Gen., Harold H. Titus, Jr., U. S. Atty. at the time the brief was filed, and Walter H. Fleischer, Atty., Dept. of Justice, were on the brief, for appellants. Morton Hollander, Leonard Schaitman, Attys., Dept. of Justice, also entered an appearance for appellants.

Larry P. Ellsworth, Washington, D. C., with whom Ronald L. Plesser and Alan B. Morrison, Washington, D. C., were on the brief, for appellees.

Before McGOWAN, ROBINSON and ROBB, Circuit Judges.

PER CURIAM:

The only issue on this appeal is whether appellees have a right of access under the Freedom of Information Act, 5 U.S.C. § 552, to correspondence between the National Highway Traffic Safety Administration and automobile manufacturers in connection with pend-

ing safety defect investigations.[1] The District Court, in an opinion reported at 362 F.Supp. 1321 (D.D.C.1973), ruled with respect to this correspondence that appellants had not made out their claims of exemption under exemptions 4 and 7 of the Act. We find it necessary to deal only with the latter.

Exemption 7 involves investigatory files compiled for law enforcement purposes, 5 U.S.C. § 552(b)(7). As the District Court recognized (at p. 1325), there is no dispute that the correspondence in question became part of NHTSA's investigatory file. Although the court also recognized that the correspondence in question "could conceivably lead to a civil enforcement proceeding," it went on to conclude that "the agency has not made the required showing that disclosure of the files sought is likely to create a concrete prospect of serious harm to its law enforcement efficiency,' " citing for this proposition, and quoting from, a decision of a division of this court. Weisberg v. Department of Justice, No. 71–1026 slip opinion dated February 23, 1973.[2]

The division's opinion in *Weisberg* was, however, subsequently vacated by an order granting rehearing *en banc;* and the *en banc* disposition by this court of *Weisberg,* 160 U.S.App.D.C. ——, 489 F.2d 1195 (decided October 24, 1973), compels reversal of the result reached in this instance by the District Court. The court *en banc* in *Weisberg* held that, if the documents in issue are clearly to be classified as "investigatory files compiled for law enforcement purposes," the exemption attaches, and it is not in the province of the courts to second-guess the Congress by relying upon considerations which argue that the Government will

not actually be injured by revelation in the particular case. We have explored with care the question of whether the correspondence in issue was compiled for law enforcement purposes, and we are of the opinion that it patently was, as appeared also to be the view of the District Court. Under these circumstances, exemption 7 was applicable, and the District Court, not having the benefit of *Weisberg en banc,* erred in holding that the correspondence should be disclosed.

Reversed.

---

1. At issue also in the District Court were claims to disclosure of Book D of the submission of General Motors Corporation to NHTSA, and a report of the Office of Standards Enforcement concerning the enforcibility of Federal Motor Vehicle Safety Standards. The District Court's action, after examining these items *in camera,* in allowing the first such claim and denying the second has not been appealed.

2. The District Court thought to find good reason to override the exemption in the circumstance that the correspondence was between the agency and the auto manufacturer being investigated. This suggested to it that there were "no apparent problems of confidential sources, premature revelation of suspects and the like;" and that there was "most certainly" no problem about the discovery of the information by the subject of the investigation.