**GOODFRIEND WESTERN CORP., d/b/a Wrangler Wranch, Plaintiff-Appellee,**

v.

**Robert S. FUCHS, etc., et al., Defendants-Appellants.**

**No. 76–1116.**

United States Court of Appeals, First Circuit.

Argued April 6, 1976.

Decided May 6, 1976.

Abigail Cooley, Asst. Gen. Counsel for Special Litigation, Washington, D. C., with whom John S. Irving, Jr., Gen. Counsel, John E. Higgins, Jr., Deputy Gen. Counsel, and Elliott Moore, Deputy Associate Gen. Counsel, Washington, D. C., were on memorandum in support of motion for summary reversal.

Harold N. Mack, Boston, Mass., with whom Philip Moss and Morgan, Brown, Kearns & Joy, Boston, Mass., were on memorandum in support of opposition to motion for summary reversal.

Before COFFIN, Chief Judge, McENTEE and CAMPBELL, Circuit Judges.

PER CURIAM.

This is an appeal from an order of the district court requiring the National Labor Relations Board to disclose affidavits that the Board had obtained from employees in connection with pending unfair labor practice proceedings at which the affiants were expected to testify, and enjoining the proceedings until after the required disclosure is made. For the reasons stated in *Title Guarantee Co. v. NLRB*, 534 F.2d 484 (2d Cir. 1976), we reverse.

This case parallels *Title Guarantee* in nearly all material respects. Plaintiff, a company faced with unfair labor practice charges, sought to obtain copies of all written statements in the NLRB's case file, first by filing a request with the regional director, then by appealing to the general counsel, and finally by bringing this action in the district court. Disclosure was sought under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, and resisted on the primary ground that the statements in question were exempt from the requirements of the Act as "investigatory records compiled for law enforcement purposes" whose production would "interfere with law enforcement proceedings" under 5 U.S.C. § 552(b)(7)(A). The district court examined the legislative history and concluded, citing the district court opinion in *Title Guarantee*, 407 F.Supp. 498 (S.D.N.Y.1975), that the applicability of the claimed exemption must be decided on a case-by-case basis to determine whether the agency claim of "interference with law enforcement proceedings" was warranted. After *in camera* inspection of the materials in question, the court concluded that the claims were not justified and accordingly ordered their disclosure.

In *Title Guarantee*, the second circuit, reversing the district court, held that all statements of employees obtained in connection with unfair labor practice proceedings pending before the NLRB are exempt from disclosure under § 552(b)(7)(A). We adopt that holding here, and, having little to add to Judge Oakes's able opinion, with which we are in substantial agreement, confine ourselves to a discussion of the argument that this case is distinguishable.

In pressing this argument, plaintiff focuses on the timing and scope of the district court's order. Plaintiff points out, as did the district court, that the order is limited to affidavits of witnesses who had already committed themselves to testifying at a hearing that was scheduled to take place

twenty-four hours after the order was issued. Even if *Title Guarantee's* holding is correct as a general proposition, plaintiff suggests, this case presents a worthy exception to the rule.

While it may well be that the circumstances minimize the possible interference with the pending proceedings, the present order is nonetheless controlled by the reasoning in *Title Guarantee.* Even in this case we cannot rule out all possibility that the company may "be able to use disclosure to learn the Board's case in advance and frustrate the proceedings . . . ."; *Title Guarantee, supra,* at 491. More important, whether such a possibility justifies denying all discovery of an employee's statements until after he testifies is a question that Congress has left to the Board. As the second circuit said,

> "In light of the delicate relationship which exists between employer and employee, we think that Congress would be very reluctant to change the rather carefully arrived at limitations and procedures for discovery in unfair labor practice proceedings by way of an act which, while dealing with disclosure generally, does not purport to affect such discovery. . . ."

*Id.* at 492. Whatever our own view of the desirability of disclosure in this instance, we do not believe that Congress intended to transfer from the Board to the courts the case-by-case adjudication of discovery disputes in unfair labor practice proceedings.* Hence, we hold that the affidavits whose production was ordered are protected from disclosure by § 552(b)(7)(A).

*Reversed.*

---

* *Cf. Sheehan v. Doyle,* 513 F.2d 895 (1st Cir.), *cert. denied,* 423 U.S. 874, 96 S.Ct. 144, 46 L.Ed.2d 106 (1975), where we pointed out the impracticality, in terms of delay and judicial and agency inefficiency, of splitting patent in-

terference discovery proceedings between the patent office and the courts, and held that Congress under 35 U.S.C. § 24 did not intend such a result.