**ROGER J. AU & SON, INC., Appellant,**

v.

**NATIONAL LABOR RELATIONS BOARD.**

No. 76–1228.

United States Court of Appeals, Third Circuit.

Argued May 28, 1976.

Decided July 8, 1976.

---

Clark, Hardy, Lewis & Fine, P. C., by Douglass A. Witters, Birmingham, Mich., for appellant.

Abigail Cooley, Asst. Gen. Counsel for Special Litigation, Timothy D. Nelson, Atty., N. L. R. B., Washington, D. C., John S. Irving, Jr., Gen. Counsel, John E. Higgins, Jr., Deputy Gen. Counsel, Elliott Moore, Deputy Assoc. Gen. Counsel, Elinor Hadley Stillman, N. L. R. B., Washington, D. C., for appellee.

Before ADAMS and HUNTER, Circuit Judges, and SCHWARTZ, District Judge.

## OPINION OF THE COURT

ADAMS, Circuit Judge.

An employer, the target of a pending unfair labor practice complaint before the National Labor Relations Board (NLRB), brings this appeal in furtherance of its claim that, under the Freedom of Information Act (FOIA), it is entitled to access to all written statements of witnesses contained in the NLRB case file.

### I.

Roger J. Au & Son, Inc. (Au) is an Ohio corporation engaged in the construction of a flood control dike and diversion tunnel in Tyrone, Pennsylvania. A local of the International Union of Operating Engineers filed an unfair labor practice charge against Au with the NLRB. Following investigation, the NLRB issued a complaint.

After being advised that the NLRB intended to use testimony from six or eight witnesses, Au sought copies of all written statements of charging parties or potential witnesses, whether signed or unsigned, in the NLRB's case file. The Regional Director refused to divulge the statements, asserting that they were privileged under FOIA exemptions 7(A), (C), and (D).[1] Au appealed that decision to the General Counsel of the NLRB, who ultimately affirmed the Regional Director's action, relying on exemption 5 as well as the provisions of exemption 7.

1. 5 U.S.C. § 552(b)(7)(A), (C), and (D) (Supp. IV 1974).

Prior to receiving the General Counsel's reply, however, Au filed a complaint in the district court, seeking access to the statements.[2] The district court dismissed the complaint on the merits stating:

[W]e do not feel that in legislating the Freedom of Information Act, Congress intended said Act to be a broad discovery tool for litigations in administrative agency proceedings including those before the NLRB.

Au then appealed, and we now affirm the judgment of the district court.

## II.

The NLRB defends against disclosure of the statements in its case file on a variety of grounds, citing FOIA exemptions 5 and 7(A), (C), and (D). It is unnecessary to consider each of these grounds, however, since, in accord with the decision of the Court of Appeals for the Second Circuit in *Title Guarantee Co. v. NLRB*,[3] 534 F.2d 484, we believe that statements of charging parties and potential witnesses in pending enforcement proceedings are privileged under FOIA exemption 7(A), which provides that:

Investigatory records compiled for law enforcement purposes [are exempt from disclosure] but only to the extent that the production of such records would (A) interfere with enforcement proceedings,
. . . ..

Prior to 1974, Au concedes, 5 U.S.C. § 552(b)(7) protected the contents of files gathered for law enforcement purposes, "except to the extent available by law to a party other than an agency." In 1974, however, Congress amended this subsection,

eliminating the "except" clause, and replacing it with the specific provisions of the present exemption 7. Au maintains that the "except" clause had defined, for all practical purposes, the maximum level of disclosure available under the old law. Thus, according to Au, the deletion of this clause should be read to enlarge the scope of disclosure of investigative files.

Au also urges that Congress has now provided in 5 U.S.C. § 552(a)(4)(B), for *in camera* examination of the contents of disputed records so that a court can determine "whether such records or any part thereof shall be withheld under any of the exemptions set forth in subsection (b) of this section, and the burden is on the agency to sustain its action." Au employs these amendments to argue that Congress intended to make the contents of all investigative files available, unless there is an affirmative showing with respect to the particular material in question of a harm specified in exemption 7. We believe that this position misconstrues the intent of Congress.

The sponsor of the revised exemption 7, Senator Hart, declared that "this amendment is by no means a radical departure from existing case law under the Freedom of Information Act."[4] Discussion on the Senate floor revealed that the purpose of the amendment was to clarify the governmental interests that Congress had protected in the original provision.[5] The amendment was intended to override certain court decisions that had read the exemption too broadly,[6] but according to Senator Hart the amended exemption was, like the original exemption, designed to "prevent harm to

**2.** Au also sought an injunction against the holding of any hearing by the NLRB until a reasonable time after the statements had been obtained by Au. The district court had granted a temporary restraining order, but it denied the injunction when it dismissed the case. Au, however, obtained an order staying further NLRB proceedings pending a decision by this Court.

**3.** *Accord, Goodfriend Western Corp. v. Fuchs*, 535 F.2d 145 (1st Cir. 1976).

**4.** 120 Cong.Rec. 17034 (1974).

**5.** *Id.* 17034–35 (remarks of Senator Kennedy).

**6.** *Id.* 17039–40. Senators Kennedy and Hart referred to the following cases: *Center for National Policy Review on Race & Urban Issues v. Weinberger*, 163 U.S.App.D.C. 368, 502 F.2d 370 (1974); *Ditlow v. Brinegar*, 161 U.S.App. D.C. 154, 494 F.2d 1073 (1974); *Aspin v. Secretary of Defense*, 160 U.S.App.D.C. 239, 491 F.2d 29 (1973); *Weisberg v. Department of Justice*, 160 U.S.App.D.C. 71, 489 F.2d 1195 (1973) (en banc), *cert. denied,* 416 U.S. 993, 94 S.Ct. 2405, 40 L.Ed.2d 772 (1974).

the government's case in court by not allowing an opposing litigant earlier or greater access to investigative files than he would otherwise have."[7]

 As the Second Circuit pointed out in *Title Guarantee Co. v. NLRB,* the extent of discovery in enforcement proceedings has been left to the rule-making power of the NLRB.[8] The Board's rules do not permit depositions except for the purpose of preserving testimony, and they specifically prohibit disclosure of the contents of an investigative file.[9] Discovery with respect to government witnesses is restricted in recognition of the peculiar character of labor litigation: the witnesses are especially likely to be inhibited by fear of the employer's or—in some cases—the union's capacity for reprisal and harassment.[10]

 Such discovery in NLRB enforcement proceedings has always been limited. Had Congress intended to amend the NLRB discovery procedures it could have done so directly. There is, however, no indication in the legislative history of the FOIA that Congress intended, or even considered, the overhaul of administrative rules of such long standing or importance. We therefore concur in the comprehensive opinion of the Second Circuit in *Title Guarantee Co. v. NLRB:* The 1974 FOIA amendments were not meant to expand the rights of discovery with respect to statements of witnesses in NLRB litigation or to transfer the adjudication of such discovery disputes from the NLRB to the courts.

 In view of this legislative history, disclosure of statements by witnesses contained in the file of a pending NLRB case, beyond that disclosure to which a party is entitled by the normal discovery procedures of the NLRB, would "interfere with enforcement proceedings" as Congress understood that concept when it enacted exemption 7(A).[11] Thus, the material sought by Au is not subject to inspection under the FOIA.

Accordingly, the judgment of the district court dismissing the complaint on its merits will be affirmed.

**7.** *Id.* 17033. *Compare* S.Rep.No.93–1200, 93d Cong., 2d Sess. 12 (1974), *with* H.R.Rep.No. 1497, 89th Cong., 2d Sess. 11 (1966); *see Williams v. IRS,* 345 F.Supp. 591, 594 (D.Del.1972), *aff'd.* 479 F.2d 317 (3d Cir. 1973) (per curiam), *cert. denied,* 414 U.S. 1024, 94 S.Ct. 448, 38 L.Ed.2d 315 (1973).

**8.** *See* 29 U.S.C. § 160(b) (1970); *NLRB v. Interboro Contractors, Inc.,* 432 F.2d 854, 857–60 (2d Cir. 1970), *cert. denied,* 402 U.S. 915, 91 S.Ct. 1375, 28 L.Ed.2d 661 (1971); *Electromec Design & Development Co. v. NLRB,* 409 F.2d 631 (9th Cir. 1969).

**9.** 29 C.F.R. §§ 102.30, 102.118(a) (1975). Statements in the NLRB's case file are made available for the purpose of cross-examination after a witness has testified. 29 C.F.R. § 102.118(b)(1) (1975).

**10.** *See Title Guarantee Co. v. NLRB,* 534 F.2d 484 at 486 (2d Cir. 1976).

**11.** Since there is no question that the statements sought are part of a case file in a pending enforcement proceeding, there is no need for an *in camera* inspection of the disputed material as provided for in 5 U.S.C. § 552(a)(4)(B).