CLIMAX MOLYBDENUM COMPANY, a
Division of AMAX, Inc., a New York
Corporation, Plaintiff-Appellant,

v.

NATIONAL LABOR RELATIONS
BOARD et al.,
Defendants-Appellees.

No. 75–1979.

United States Court of Appeals,
Tenth Circuit.

Argued and Submitted May 18, 1976.

Decided July 26, 1976.

William F. Schoeberlein of Dawson, Nagel, Sherman & Howard, Denver, Colo. (Charles W. Newcom of Dawson, Nagel, Sherman & Howard, and Daniel R. Hale, Senior Atty., Denver, Colo., AMAX Inc., of counsel, on the brief), for plaintiff-appellant.

Richard B. Bader, Atty., N. L. R. B. (Abigail Cooley, Asst. Gen. Counsel, Special Litigation, John S. Irving, Jr., Gen. Counsel, John E. Higgins, Jr., Deputy Gen. Counsel, and Elliott Moore, Deputy Associate Gen. Counsel, N. L. R. B., Washington, D. C., on the brief), for defendants-appellees.

Before BARRETT and DOYLE, Circuit Judges, and TEMPLAR, Senior District Judge.*

WILLIAM E. DOYLE, Circuit Judge.

The question presented on this appeal is whether Exemption 7(A) of the Freedom of Information Act, 5 U.S.C. Section 552(b)(7)(A) protects from disclosure employee affidavits and similar material obtained by the NLRB in the course of an investigation of an alleged unfair labor practice during the continuation of the enforcement proceedings.

On September 19, 1974, the Oil, Chemical and Atomic Workers International Union, Local No. 2–2441, filed an unfair labor prac-

* Of the District of Kansas, sitting by designation.

tice charge with the NLRB against Climax Molybdenum Company. Following the issuance of a complaint by the Board, the company requested that the Board make available, pursuant to the FOIA, affidavits, other statements and documents obtained from five named employees or any other employees relevant to the charges in the complaint. In refusing this request the Board relied on Exemption 7 of the FOIA, which exempts from disclosure

> investigatory records compiled for law enforcement purposes, but only to the extent that the production of such records would (A) interfere with enforcement proceedings, * * * (C) constitute an unwarranted invasion of personal privacy, (D) disclose the identity of a confidential source * * *

Based on the Board's refusal, the company brought a FOIA suit in U. S. District Court pursuant to 5 U.S.C. Section 552(a)(4)(B). The Board's motion for summary judgment was granted on the ground that the materials were exempt under Section 7(A). The company's position is that the FOIA places the burden on the Board to establish that it is entitled to non-disclosure and that withholding is authorized only if specifically provided for. The company further maintains that the burden is satisfied only if the disclosure would interfere with enforcement proceedings as provided in subsection (A).

The Board's position with respect to this is that disclosure of employee statements in any unfair labor practice case would interfere with enforcement proceedings.

Inasmuch as we agree with the district court's ruling based upon Exemption 7(A), we need not consider possible exemption under Sections (C) and (D).

In order to test the breadth of the statute we must consider the extent to which Congress intended the immunity in subsection (A) to extend. Prior to the enactment of the present Act, which is quoted above, the exemption extended to

> investigatory files compiled for law enforcement purposes except to the extent available by law to a party other than an agency.

This original exemption was at first narrowly construed. *Wellman Industries, Inc. v. NLRB,* 490 F.2d 427, 431 (4th Cir.), *cert. denied,* 419 U.S. 834, 95 S.Ct. 61, 42 L.Ed.2d 61 (1974) (citing cases); *Bristol-Myers Co. v. FTC,* 138 U.S.App.D.C. 22, 424 F.2d 935· (1970), *cert. denied,* 400 U.S. 824, 91 S.Ct. 46, 27 L.Ed.2d 52 (1972). The exemption was expanded by the D.C. Circuit in a series of cases.[1] The result of the D.C. Circuit's rulings was that the exemption extended to any material that was part of an investigatory file. All of this was exempt even if the investigation was concluded.

Because of the breadth of the exemption which resulted from the mentioned decisions, Congress replaced the previous Exemption 7 so as to limit. the enforcement proceedings exemption to specific instances of harm to governmental or individual interests. Indeed the debates show that its only purpose for amending the exemption statute was in order to overcome the restrictive decisions of the D.C. Circuit and thereby to restore the exemption to its previous status.[2] As a result of the congressional modification, then, employee statements obtained during pending unfair labor practice proceedings would be exempt under the new law to the same extent that they were exempt under the former provi-

---

1.  *Center for Nat'l Policy Rev. on Race and Urb. Issues v. Weinberger,* 163 U.S.App.D.C. 368, 502 F.2d 370 (1974) (civil rights monitoring reports); *Ditlow v. Brinegar,* 161 U.S.App.D.C. 154, 494 F.2d 1073 (1973), *cert. denied,* 419 U.S. 974, 95 S.Ct. 238, 42 L.Ed.2d 188 (1974) (safety defect correspondence); *Aspin v. Dept. of Defense,* 160 U.S.App.D.C. 231, 491 F.2d 24 (1973) (Army report on My Lai Massacre); *Weisberg v. Dept. of Justice,* 160 U.S.App.D.C. 71, 489

F.2d 1195 (1973) (en banc), *cert. denied,* 416 U.S. 993, 94 S.Ct. 2405, 40 L.Ed.2d 772 (1974) (spectrographic analysis of bullets in Kennedy assassination).

2.  *See, e. g., Wellford v. Hardin,* 444 F.2d 21, 23 (4th Cir. 1971); *cf. Williams v. IRS,* 345 F.Supp. 591, 594 (D.Del.1972), *aff'd per curiam,* 479 F.2d 317 (3rd Cir.), *cert. denied,* 414 U.S. 1024, 94 S.Ct. 448, 38 L.Ed.2d 315 (1973).

sion. *Cf. Wellman Industries, Inc. v. NLRB, supra.*

Two recent cases confirm this view of the exemption as applied to NLRB cases. *See Title Guarantee Co. v. NLRB,* 534 F.2d 484 (2d Cir. 1976); *Goodfriend Western Corp. v. Fuchs,* 535 F.2d 145 (1st Cir. 1976). In the *Title Guarantee* case it was pointed out that the relationship between employer and employee is a delicate one which calls for limitations on discovery. The company here argues that giving effect to the exemption as a matter of general policy in effect does away with the exemption. But a consequence of the company's position would be that the courts would be called on to determine on a case by case basis whether a particular file would interfere with NLRB enforcement proceedings. The court is ill-fitted to make such determinations. It is impossible to believe that Congress intended to call upon the federal courts to perform this task.

Since it is apparent that Congress was thinking about the problems raised by the D.C. Circuit cases in enacting the new exemption provision and was not concerned with problems such as those presented at bar, we conclude that the exemption provision in subsection (A) when applied to NLRB proceedings remains intact. Surely an unfair labor practice case is an enforcement proceeding. The labor case is peculiarly susceptible to employer retaliation, coercion, or influence to the point that it can be concluded that there is no need for an express showing of interference in each case to justify giving effect to the exemption contained in Section 7(A) in Labor Board proceedings.

In sum, it follows that the proceedings herein were enforcement in nature and were continuing, and the exemption applies to the present efforts of the company to gain possession of the requested documents.

The judgment of the district court is affirmed.