The CESSNA AIRCRAFT COMPANY, a corporation, Plaintiff-Appellee,

v.

NATIONAL LABOR RELATIONS BOARD et al., Defendants-Appellants.

No. 76–1121.

United States Court of Appeals, Tenth Circuit.

Submitted Sept. 17, 1976.

Decided Oct. 19, 1976.

Abigail Cooley, Asst. Gen. Counsel for Sp. Litigation, Janet C. McCaa, Deputy Asst. Gen. Counsel for Sp. Litigation, Washington, D. C., filed motion for summary reversal on behalf of defendants-appellants.

Alvin D. Herrington, Hugh P. Quinn, Wichita, Kan., filed reply to motion for summary reversal on behalf of plaintiff-appellee.

Before PICKETT, Senior Circuit Judge, and SETH and McWILLIAMS, Circuit Judges.

PER CURIAM.

This matter is before the court on appellants' motion for summary reversal. In their motion, appellants contend that the disposition of this appeal is completely controlled by our recent decision in *Climax Molybdenum v. National Labor Relations Board*, 539 F.2d 63 (10th Cir. filed July 26, 1976) which requires reversal in this case.

Like *Climax*, this is a case arising under the Freedom of Information Act, 5 U.S.C. 551 *et seq.*, involving investigative statements taken by the N.L.R.B. In most material respects, the facts of this case parallel those of *Climax*.

Cessna was the target of an unfair labor practice investigation which eventually led to the issuance of a complaint by the Board. Upon the filing of the complaint, Cessna requested production of numerous documents held in the possession of the Board, including the statements of all witnesses taken during the course of the Board's investigation. This request, pursuant to FOIA was denied on the grounds of privilege and various exemptions contained in the Act. 5 U.S.C. 552(b)(5) and (7)(A), (C) and (D). Cessna then commenced this action under the Act to compel disclosure of the requested documents. The Board defended on the grounds previously asserted.

Focusing its attention on the witness statements, Cessna requested an *in camera* inspection to determine whether these documents were exempt from disclosure. After a hearing on the request, the district court did review the several witness statements *in camera* and made specific findings to the effect that the statements were not exempt from disclosure under the Act. Cessna's motion for a partial summary judgment was granted and the Board was ordered to

immediately turn over the requested statements for inspection and copying. *Cessna Aircraft Company v. N. L. R. B.*, 405 F.Supp. 1042 (D.Kan.1975). This appeal followed.

In *Climax* we held that employee statements and similar material obtained by the N.L.R.B. during the course of an unfair labor practice proceeding was protected from compelled disclosure by Exemption 7(A) of the Act. Here, Cessna argues that the sweep of *Climax* is too broad and supports this contention with its own interpretation of the legislative intent embodied in the 1974 amendments to the Act. It should be noted, however, that Cessna's views have not found acceptance in the decisions of other circuits which have considered the same question presented here. *Title Guarantee Company v. N.L.R.B.*, 534 F.2d 484 (2d Cir. 1976); *Goodfriend Western Corporation v. Fuchs*, 535 F.2d 145 (1st Cir. 1976); *Roger J. Au & Son v. N.L.R.B.*, 538 F.2d 80 (3d Cir. filed July 8, 1976). We decline Cessna's suggestion that the issue, already settled by *Climax*, be reconsidered here.

Cessna also maintains that the district court's *in camera* review of the disputed documents distinguishes this case from *Climax*. We disagree. *Climax* plainly indicates that the employee statements at stake in this case fall within the protection of Exemption 7(A). In view of the now-established exempt status of these documents, the district court's *in camera* review was not necessary in this case. The concept of a case-by-case determination of exemption which Cessna says is required by the Act was specifically rejected in *Climax*.[1] *See also, Environmental Protection Agency v. Mink*, 410 U.S. 73 at p. 93, 93 S.Ct. 827, 35 L.Ed.2d 119; *B. & C. Tire Company, Inc. v. Internal Revenue Service*, 376 F.Supp. 708

(N.D.Ala.1974); *Kruh v. General Services Administration*, 64 F.R.D. 1 (E.D.N.Y.1974). Accordingly, the procedural dissimilarity pointed out by Cessna is without real significance and affords no basis for distinguishing this case from *Climax*. *Guarantee Title Company v. N.L.R.B., supra* ; *Goodfriend Western Corp. v. Fuchs, supra.*

Concluding we think that under *Climax* the requested statements in this case are protected by Exemption 7(A) from forced disclosure under the Act. Appellants' motion for summary reversal is therefore granted and the judgment of the district court is reversed and the matter remanded for further proceedings consistent herewith.

---

1. "But a consequence of the company's position would be that the courts would be called on to determine on a case by case basis whether a particular file would interfere with N.L.R.B. enforcement proceedings.

The court is ill-fitted to make such determinations. It is impossible to believe that Congress intended to call upon the federal courts to perform this task.

. . . there is no need for an express showing of interference in each case to justify giving effect to the exemption contained in Section 7(A) in Labor Board proceedings." *Climax Molybdenum Company v. N.L.R.B.,* 539 F.2d at p. 65.