**ABRAHAMSON CHRYSLER–PLYMOUTH, INC., Plaintiff-Appellant,**

v.

**NATIONAL LABOR RELATIONS BOARD et al., Defendants-Appellees.**

No. 77–1038.

United States Court of Appeals, Seventh Circuit.

Argued April 20, 1977.

Decided July 29, 1977.

J. Paige Clousson, Chicago, Ill., for plaintiff-appellant.

Elliott Moore, Deputy Assoc. Gen. Counsel, Richard B. Bader, L. Joseph Ferrara, Attys., N. L. R. B., Washington, D.C.,Edwin H. Benn, N. L. R. B., Chicago, Ill., for defendants-appellees.

Before FAIRCHILD, Chief Judge, TONE, Circuit Judge, and HOLDER, District Judge.*

TONE, Circuit Judge.

The issue in this case [1] is whether disclosure of statements taken by the National Labor Relations Board during its investigation of an unfair labor practice charge may be compelled under the Freedom of Information Act, or whether exemption 7(A) of that Act, 5 U.S.C. § 552(b)(7)(A), protects

---

* The Honorable Cale J. Holder, District Judge of the United States District Court for the Southern District of Indiana, is sitting by designation.

1. This appeal was consolidated for hearing with Appeal No. 76–2008, in which the employer, the plaintiff in this FOIA suit, petitioned for review and the Board cross-petitioned for enforcement of an order to remedy certain unfair labor practices. The Board's order was enforced in an unpublished order issued on this date under Circuit Rule 35.

such statements until the Board's order relating to the charge has been judicially reviewed. The District Court, in an unreported memorandum, held that the exemption applies. We affirm.

In order to prepare its defense against what it contended were vague allegations of unfair labor practices, plaintiff Abrahamson Chrysler-Plymouth, Inc. requested the Regional Director to produce "copies of all written statements signed or unsigned contained in the Board's case file." That request was denied pursuant to the Board's policy of denying pre-hearing discovery, and an administrative appeal was unsuccessful. The employer then filed a complaint in the District Court seeking production of those materials under the Freedom of Information Act and moved for a temporary restraining order to postpone the administrative hearing on the unfair labor practice charge until the District Court could rule. The latter request was denied, and the administrative hearing was held as scheduled. Subsequently the court granted summary judgment for the Board on the ground that the requested materials were exempt from compelled disclosure under 5 U.S.C. § 552(b)(7)(A).

■ Section 552(b)(7)(A) exempts from compelled disclosure "investigatory records compiled for law enforcement purposes, but only to the extent that the production of such records would . . . interfere with enforcement proceedings." It has repeatedly been held that this exemption allows the Board to refuse disclosure of statements made to Board investigators by employees or union representatives so long as those statements are relevant to a pending enforcement proceeding. *NLRB v. Hardeman Garment Corp.*, 557 F.2d 559 (6th Cir. 1977); *Harvey's Wagon Wheel, Inc. v. NLRB*, 550 F.2d 1139 (9th Cir. 1976); *Cli-*

*max Molybdenum Co. v. NLRB*, 539 F.2d 63 (10th Cir. 1976); *Roger J. Au & Son, Inc. v. NLRB*, 538 F.2d 80 (3d Cir. 1976); *Goodfriend Western Corp. v. Fuchs*, 535 F.2d 145 (1st Cir.), cert. denied, 429 U.S. 895, 97 S.Ct. 257, 50 L.Ed.2d 158 (1976); *Title Guarantee Co. v. NLRB*, 534 F.2d 484 (2d Cir.), cert. denied, 429 U.S. 834, 97 S.Ct. 98, 50 L.Ed.2d 99 (1976); see also *Deering Milliken, Inc. v. NLRB*, 94 L.R.R.M. 2358 (4th Cir. 1977). Nevertheless, the employer argues that exemption 7(A) is inapplicable to the case at bar, first, because there was no showing that the production of the statements would interfere with the enforcement proceeding and, second, because the statements were no longer part of an "open" investigative file.

■ In *Climax Molybdenum Co. v. NLRB, supra,* 539 F.2d at 65, the Tenth Circuit refused to require a showing of the impact of disclosure in each case, finding it "impossible to believe that Congress intended to call upon the federal courts to perform this task." Accord, *Roger J. Au & Son, Inc. v. NLRB, supra,* 538 F.2d 80; *Goodfriend Western Corp. v. Fuchs, supra,* 535 F.2d 145; *Title Guarantee Co. v. NLRB, supra,* 534 F.2d at 491. In *Harvey's Wagon Wheel, Inc. v. NLRB, supra,* 550 F.2d 1139, the Ninth Circuit agreed, but limited the *per se* exemption to statements made by employees, union representatives, and employees' agents. We need not decide whether this limitation is proper, inasmuch as the witness statements requested by the employer here all fall within the categories described by the court in *Harvey's Wagon Wheel.*[2] Thus, at least before the administrative hearing was held, the statements were not subject to compelled disclosure.

■ At an unfair labor practice hearing, the Board's *Jencks* rule, 29 C.F.R. § 102.-118(b)(1), entitles the employer to see a

---

2. The employer's argument that three witnesses should not be included in those categories is frivolous. One of the witnesses was the representative of the union that was later certified as the employees' exclusive bargaining representative. Another was an employee who the Board found had been improperly discharged and ordered reinstated. The third witness re-

mained an employee; the fact that he was identified as the victim of an unfair labor practice in the union's charge against the employer was hardly sufficient to make him, as the employer argues, a "publicly declared complainant" whose statements could not be shielded from disclosure.

copy of a witness' statement before cross-examination. In determining whether exemption 7(A) applies after an administrative hearing has been held, the District Court adopted the holding of the court in *Amerace Corp. v. NLRB*, 92 L.R.R.M. 3497 (W.D.Tenn.1976), that, until there has been judicial review of any order arising out of the proceeding, only the material produced by the Board at the hearing is subject to compelled disclosure. The rationale for that rule, as the District Court stated it, is that

> "The Court of Appeals has the power to enforce, modify, set aside or remand the order of the N.L.R.B. If a remand is ordered, the case would be in the same posture as *Title Guarantee*, and we would be concerned with an 'open' investigatory file, precisely the type of file to which *Title Guarantee* held Exemption 7(A) is intended to apply."

As six Courts of Appeals have held, the Freedom of Information Act was not intended to overrule the Board's discovery procedures. Thus, until "the investigation is completed and all reasonably foreseeable administrative and judicial proceedings concluded" no files need be disclosed, see *Title Guarantee Co. v. NLRB, supra*, 534 F.2d at 490.

In the case at bar, the employer chose to absent itself from the first day of the hearing, and therefore failed to request production of the witness statements it now seeks through the Freedom of Information Act.[3] Because, at the time the District Court ruled,[4] those statements were relevant to a pending administrative proceeding, they therefore continued to be protected by exemption 7(A).

For the foregoing reasons, the judgment of the District Court is

Affirmed.

---

3. The employer's counsel did appear on the second day of the hearing and did receive at least one witness statement at that time. [Tr. 213.] However, on appeal the employer has not challenged the District Court's statement that "[a]ccording to the undisputed representations of the defendant, plaintiff never formally moved for the materials at the hearing." Thus, it appears that the employer has limited its request to the statements of the three witnesses, see note 2, *supra*, who testified on the first day of the hearing.

4. In finding that disclosure of the statements would interfere with pending enforcement proceedings, the District Court also relied on the Board's uncontested representation that the employer had engaged in new unfair labor practices by taking reprisals against employees who had given statements to the Board. Finding the pendency of the original case sufficient to support the exemption, we have no occasion to determine whether disclosure may be denied after this case is closed on grounds of relevancy to another pending proceeding.