**LOCAL UNIONS NO. 836 AND 792 affiliates of the United Brotherhood of Carpenters & Joiners of America, Plaintiffs,**

v.

**NATIONAL LABOR RELATIONS BOARD, Defendant.**

No. 78–C–75.

United States District Court, E. D. Wisconsin.

March 1, 1978.

Goldberg, Previant & Uelmen by Thomas J. Kennedy, Gerry M. Miller and David Uelmen, Milwaukee, Wis., for plaintiffs.

N. L. R. B. by Joseph A. Szabo and Stephen J. Sweet, Milwaukee, Wis., for defendant.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

The plaintiff has filed an application for a temporary restraining order. The action is brought under the Freedom of Information Act, as amended, 5 U.S.C. § 552(a)(4)(B) [FOIA], the Administrative Procedure Act, 5 U.S.C. § 701 *et seq.* and the "all writs" statute, 28 U.S.C. § 1651; 29 U.S.C. § 160(b) and 28 U.S.C. § 2072. The plaintiff unions seek public disclosure of statements and affidavits obtained by agents of the defendant National Labor Relations Board [Board] during its investigation of an unfair labor practice charge against the plaintiff unions. The charge has resulted in the Board's issuance of a complaint, and a trial before an administrative judge is presently scheduled for March 8, 1978. The plaintiffs' application will be denied.

It is uncontested that the plaintiffs have made due demand for the statements and affidavits pursuant to both 5 U.S.C. § 552(a) and the discovery provisions of the Federal Rules of Civil Procedure; that the Board's regional director denied such demand; and that the regional director's denial has been affirmed on appeal to the Board's general counsel.

The plaintiffs aver that they are entitled to the documents they seek and that the defendant has improperly rejected their request for these documents. According to Board rules, the requested documents are to be furnished only after the affiant has testified at trial and his direct examination has been completed. 29 C.F.R. § 102.-118(b)(1). However, the plaintiffs allege that they will be prevented from preparing their defense for trial without an earlier review of the documents, thereby creating irreparable injury. Accordingly, their application seeks a temporary restraining order directing the defendant, at least five days before trial, to turn over to the plaintiffs the affidavits of all witnesses to be called at trial.

The Board argues that injunctive relief should be denied for equitable reasons and because the requested documents are exempt from disclosure under the FOIA exemptions 5 U.S.C. § 552(b)(7)(A), (7)(C), (7)(D), and under 5 U.S.C. § 552(b)(5). Since I do not believe that it is reasonably likely that the plaintiffs will succeed in establishing that the exemption in § (b)(7)(A) does not apply, the plaintiffs' application for injunctive relief will be denied.

The plaintiffs find support for their position in the recent decision of the fifth circuit court of appeals in *Robbins Tire & Rubber Co. v. N.L.R.B.*, 563 F.2d 724 (1977), cert. granted 46 U.S.L.W. 3526 (Feb. 21, 1978). *Robbins* held that none of the FOIA exemptions advanced by the Board in the instant case apply to the disclosure of written statements of witnesses to be called in a Board hearing on charges of unfair labor practices.

The defendant correctly notes, however, that *Robbins* departs from a long list of appellate decisions which have held that the exemption in § (b)(7)(A) is applicable. *See* cases cited in *Robbins*, 563 F.2d at 727 n. 6. One such decision is *Abrahamson Chrysler-Plymouth, Inc. v. N.L.R.B.*, 561 F.2d 63

(1977), decided by the court of appeals for the seventh circuit on July 29, 1977. Although the plaintiff urges that *Abrahamson Chrysler-Plymouth, Inc.* can be distinguished from the instant case, I am not persuaded that any of the purported distinctions avoid the court's recognition that:

"It has repeatedly been held that [exemption (7)(A)] allows the Board to refuse disclosure of statements made to Board investigators by employees or union representatives so long as those statements are relevant to a pending enforcement proceeding." 561 F.2d at 64.

The court of appeals for the seventh circuit referred to the finding in *Climax Molybdenum Co. v. N.L.R.B.*, 539 F.2d 63 (10th Cir. 1976), that Congress did not intend that district courts would require the Board to show the adverse impact of disclosure in each case. However, such a case-by-case showing is the cornerstone of the court's analysis in *Robbins*, supra, 563 F.2d at 730–733. Thus, it is likely that the documents sought by the plaintiffs are exempted from disclosure under the FOIA. Therefore, the plaintiffs' application will be denied.

Therefore, IT IS ORDERED that the plaintiffs' application for a temporary restraining order be and hereby is denied.