**The CAPITAL TIMES COMPANY,**
**Plaintiff,**

v.

**The NATIONAL LABOR RELATIONS**
**BOARD, Defendant.**

**No. 78–C–844.**

United States District Court,
E. D. Wisconsin.

Jan. 24, 1980.

Foley & Lardner by John W. Brahm, Renee L. Johnson, Milwaukee, Wis., for plaintiff.

Benjamin Mandelman, Atty., N. L. R. B., Milwaukee, Wis., for defendant.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

This is an action under the Freedom of Information Act (FOIA), 5 U.S.C. § 552(a)(4), to compel public disclosure of statements and affidavits obtained by agents of the National Labor Relations Board (Board) during their investigation of an unfair labor practice charge filed by the plaintiff. The matter is before me on cross motions for summary judgment. For reasons which follow, the plaintiff's motion will be denied, the defendant's motion will be granted, and the complaint will be dismissed without prejudice.

## I. FACTUAL BACKGROUND

The instant action stems from a labor controversy involving the plaintiff, two other newspaper employers, and five different labor unions. The controversy commenced on October 1, 1977, when the unions struck the newspapers. In January 1978, one of the unions, Local No. 64 of the Newspaper Guild (Guild), filed an unfair labor practice charge with the Board claiming that the plaintiff had wrongfully permanently replaced striking Guild members. In February 1978, the plaintiff filed its own charge, asserting that the Guild had engaged in illegal coalition bargaining. Thereafter, the other four striking unions filed charges

against the other two newspapers. The Board issued complaints based on all the unions' charges and consolidated the cases.

On April 21, 1978, the regional director submitted the plaintiff's case against the Guild to the Board's division of advice of the office of the general counsel. On July 28, 1978, the regional director, acting pursuant to instructions from the division of advice, informed the plaintiff that it would not issue a complaint and dismissed the charge. The plaintiff's appeal of this decision was denied by the general counsel on August 30, 1978, and the case was closed.

On October 24, 1978, the plaintiff requested copies of any memoranda issued from the office of the general counsel and any documents incorporated therein by reference. On November 1, 1978, the regional director forwarded to the plaintiff the advice memorandum which had been the basis of its refusal to issue a complaint. In its statement of facts, the advice memorandum refers to statements made by individuals obtained during the investigation, but none of the statements are quoted verbatim nor are they attached to the memorandum. On November 2, 1978, the plaintiff requested copies of all documents containing these statements, but the regional director denied this request on November 7, 1978, on the ground that the statements were exempted from compelled disclosure under the FOIA. The plaintiff's appeal of this decision was denied by the general counsel on December 11, 1978.

A board hearing on the consolidated complaint was scheduled for January 10, 1979. In its answer to the Guild's charge, the plaintiff alleged that the strike was caused by the Guild's participation in illegal coalition bargaining, the contention which had been the basis of its charge against the Guild. At least one of the other newspapers, Madison Newspapers, Inc. (MNI), raised the same defense against the charges brought against it.

In late December 1978, the plaintiff filed this action to compel disclosure of the statements referred to in the advice memorandum. Simultaneously, the plaintiff filed a motion for a temporary restraining order and preliminary injunction to enjoin the Board from conducting the consolidated hearing pending final resolution of this action. The defendant countered with a motion to dismiss. On January 9, 1979, the court denied both these motions, finding that the plaintiff would not suffer irreparable injury if the Board's proceedings commenced and had not demonstrated a reasonable likelihood of success on the merits. However, I noted that compelled disclosure might become appropriate at the conclusion of the enforcement proceeding.

Since the date of that decision, the Guild's charge against the plaintiff has been settled, and the regional director has dismissed all portions of the consolidated complaint against the plaintiff and has also dismissed the plaintiff and the Guild from the consolidated enforcement proceeding. Another of the newspapers and one of the unions has also been dismissed from the proceeding, leaving only MNI and three unions in that still pending action.

## II. PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Citing its dismissal from the pending enforcement proceeding, and the dismissal of the Guild, the plaintiff argues that there is no longer any reason to withhold disclosure of the statements gathered in connection with its charge against the Guild. Since the charge was dismissed and the case was closed, and since there is no proceeding pending to which it or the Guild is a party, the plaintiff contends that no FOIA exemption applies to justify the Board's continued refusal to release the statements. Renouncing any need or purpose to circumvent the Board's discovery rules, the plaintiff asserts that it is like any other member of the public seeking disclosure of agency information which is presumptively disclosable under the FOIA.

The Board concedes that the file containing the sought after statements is technically closed, and that neither the plaintiff nor the Guild is a party to any pending enforcement proceeding. However, the Board con-

tends that the statements are nevertheless privileged from disclosure, citing FOIA exemptions 5, 7(A) and 7(C), 5 U.S.C. § 552(b)(5), (b)(7)(A), (b)(7)(C). Relying primarily on exemption 7(A), the Board asserts that disclosure of the statements at this time "would interfere with enforcement proceedings," notwithstanding the absence of the plaintiff and the Guild from any pending proceeding. Since I agree that exemption 7(A) applies, I find it unnecessary to address the Board's argument that the statements are also privileged from disclosure under exemptions 5 and 7(C).

I begin my inquiry with the language of the pertinent statutory provision: it exempts from compelled disclosure "investigatory records compiled for law enforcement purposes, but only to the extent that the production of such records would . . . . interfere with enforcement proceedings." 5 U.S.C. § 552(b)(7)(A). Although the plaintiff contends that disclosure of the statements in the closed file poses no possibility of interference with the pending enforcement action because the plaintiff is not itself a party to that proceeding, it is clear that the scope of the statutory exemption is not so restricted. In *NLRB v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 98 S.Ct. 2311, 57 L.Ed.2d 159 (1978), the Supreme Court stated that exemption 7(A) "appears to contemplate that certain generic determinations might be made." *Id.* at 224, 98 S.Ct. at 2317. Later in the same opinion, the Court held that the exemption applies whenever the withholding agency " 'demonstrate[s] that the documents sought relate to *any* ongoing investigation . . . .' " *Id.* at 235, 98 S.Ct. at 2323 (emphasis added) (citation omitted). This broad construction of exemption 7(A) accords with the interpretation adopted by the court of appeals for this circuit in a case decided before *Robbins Tire* :

> "It has repeatedly been held that this exemption allows the Board to refuse disclosure of statements made to Board investigators by employees or union representatives so long as those statements are relevant to a pending enforcement proceeding." *Abrahamson Chrysler-Plym-*

*outh v. NLRB*, 561 F.2d 63, 64 (7th Cir. 1977).

Accordingly, the precise issue here is whether the Board has demonstrated that the statements the plaintiff seeks are relevant to the pending enforcement proceeding. I believe the Board has made the requisite showing. Although the plaintiff is not now a party to an enforcement proceeding, the Board points out that there is still pending an enforcement proceeding which grew out of the labor controversy in which the plaintiff was involved. MNI is a party to this pending action. In this connection, the following facts reflecting the relationship between the plaintiff and MNI are undisputed: The plaintiff owns fifty percent of MNI's stock, elects five of the ten MNI directors, and is entitled to fifty percent of any dividends MNI distributes. In addition, the plaintiff occupies the same premises as MNI and MNI prints and distributes the plaintiff's newspapers. Finally, the plaintiff itself owns no tangible property; it is all owned by MNI.

Apart from these organic ties between the plaintiff and MNI, there are significant parallels to be drawn between the plaintiff's charge against the Guild and the pending enforcement proceeding. The basis of the plaintiff's charge against the Guild—the claim that the Guild had engaged in unlawful coalition bargaining—is also the basis of MNI's defense in the pending enforcement proceeding; MNI is asserting that the three unions in that action engaged in coalition bargaining. Moreover, certain discovery requests which MNI has filed in the enforcement proceeding plainly reveal that MNI believes that the Guild was a participant in the alleged illegal bargaining.

Considering the interlocking relationship between the plaintiff and MNI, and the close connection between the plaintiff's charge against the Guild and MNI's defense to the pending charges, the Board's contention that the statements the plaintiff seeks are relevant to pending enforcement proceedings is persuasive. In the circumstanc-

es of this case, I am simply unable to agree that the plaintiff is an undifferentiated member of the public for whose benefit the FOIA was enacted. Moreover, beyond the threat of interference posed by the relevancy of the statements the plaintiff seeks to the pending enforcement proceeding, "it is difficult to conceive of a greater interference than one which would involve the courts in arbitrating the Board's control of what documents to retain and what to surrender immediately prior to an enforcement proceeding." *New England Medical Center Hospital v. NLRB*, 548 F.2d 377, 383 (1st Cir. 1976). *See Robbins Tire, supra*, 437 U.S. at 237–38, 98 S.Ct. 2311. For these reasons, the plaintiff's motion for summary judgment must be denied.

### III. DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

■ I find that the statements are not only exempt from disclosure at this time, but also that the plaintiff's complaint should be dismissed. If, after the conclusion of the pending administrative proceeding and all judicial proceedings which might arise therefrom, the plaintiff still desires disclosure of the statements it seeks in this case, "it should renew its request to the Board and thereafter if appropriate seek relief in the district court." *New England Medical Center Hospital v. NLRB, supra*, 548 F.2d at 387 (memorandum and order denying petition for rehearing). See *Abrahamson Chrysler-Plymouth, Inc. v. NLRB, supra*, 561 F.2d at 65. This approach is consistent with the statutory policy of allowing the agency to determine first the merits of an FOIA request.

### CONCLUSION

Therefore, IT IS ORDERED that the plaintiff's motion for summary judgment be and hereby is denied.

IT IS ALSO ORDERED that the defendant's motion for summary judgment be and hereby is granted.

IT IS FURTHER ORDERED that the complaint and this action be and hereby are dismissed, without prejudice.